IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

RHONDA COX                                                                                             PLAINTIFF

V.                                          NO.  3:08cv00032 JWC

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                                                        DEFENDANT

ORDER

Plaintiff has filed a motion for attorney's fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (doc. 17).  She seeks an EAJA award for work done by her attorneys at the district court level (14.85 hours in 2008-09 at an hourly rate of $175.00), and work done by paralegal assistants (4.55 hours at an hourly rate of $75.00), plus expenses in the amount of $16.14, for a total award of $2,956.14.

Under the EAJA, a prevailing social security claimant is entitled to an award of reasonable attorney's fees and expenses unless the Commissioner's position in denying benefits was "substantially justified" or special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  A claimant who wins a sentence-four remand order, such as Plaintiff did in this case (doc. 15, 16), is a prevailing party entitled to EAJA fees.  *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).  In the Eighth Circuit, EAJA fees are awarded directly to the prevailing party's attorney.  *Ratliff v. Astrue*, 540 F.3d 800, 801 (8th Cir. 2008). The Commissioner does not contest counsel's entitlement to an award of attorney's fees and expenses under the EAJA, nor does he object to the amount requested (doc. 19).

The EAJA provides that attorney fees "shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special

factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). *See Pierce v. Underwood*, 487 U.S. 552, 571 (1988). The increased rates requested by Plaintiff reflect an agreement between Plaintiff's counsel and the Office of General Counsel, Region VI, Social Security Administration, to calculate attorney's fees on an annualized basis using the mid-year Consumer Price Index for all Urban Consumers (CPI-U) (doc. 18-2, at 1-2). Plaintiff submits the applicable CPI-U figures to support the increased rates (doc. 18-2, at 10).

Additionally, a prevailing party that satisfies EAJA's other requirements may recover its paralegal fees from the government at prevailing market rates. *Richlin Security Service v. Chertoff*, 128 U.S. 2007, 2019 (2008). Plaintiff submits affidavits to establish $75.00 an hour as the prevailing market rate for paralegal work (doc. 18-2, at 8-9).

No objection is made to the number of attorney or paralegal hours requested or to the amount of expenses, and counsel's itemization (doc. 18-2, at 11-13) demonstrates that they were reasonably expended in representation of Plaintiff.

Therefore, the Court will approve the total requested fees for attorney work (14.85 hours at $175.00 per hour) and paralegal work (4.55 hours at $75.00 per hour), and the total requested expenses ($16.14), for a total award of $2,956.14.

Accordingly, it is hereby ORDERED

(1)     That Plaintiff's motion for attorney's fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (doc. 17) is granted;

(2)     That Plaintiff's attorney is entitled to an award of attorney's fees and expenses in the amount of $2,956.14 pursuant to the EAJA; and

(3)     That the Commissioner is directed to certify and pay to Anthony Bartels, attorney for Plaintiff, the amount awarded pursuant to the EAJA.

IT IS SO ORDERED this 22nd day of July, 2009.

_____
UNITED STATES MAGISTRATE JUDGE